UNITED STATES DISTRICT COURT
DISTRICT OF OREGON

| | |
|---|---|
| APRIL BOREN and SCOTT BURNETT, individually on behalf of themselves, and all others similarly situated,<br><br>      Plaintiffs,<br> -against-<br><br>SAFEWAY, INC.,<br><br>      Defendant. | Case No. 3:25-cv-625<br><br>JURY TRIAL DEMANDED |

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Plaintiffs April Boren ("Plaintiff Boren") and Scott Burnett ("Plaintiff Burnett") (collectively "Plaintiffs"), for themselves and for any other similarly situated employees who have joined or may join this action, by their attorneys, Morgan & Morgan, P.A. and Shavitz Law Group, P.A., upon personal knowledge as to Plaintiffs and upon information and belief as to other matters, allege as follows:

**INTRODUCTION**

1. Plaintiff Burnett brings this lawsuit as a collective action pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("FLSA"), on behalf of himself and all other persons similarly situated who suffered damages, as a result of Defendant's violations of the FLSA.

2. As more fully described below, during the relevant time periods, Defendant willfully violated the FLSA by failing to pay Defendant's non-exempt hourly Department Managers who worked for Defendant in Oregon, including Plaintiff Burnett and all other similarly situated employees, for all of their overtime hours worked, based upon their unlawful policies and

practices.

3.      Plaintiffs Burnett and Boren bring Rule 23 class action claims on behalf of themselves and Department Managers who worked for Defendant in the State of Oregon in the six years prior to the filing of this action to the date of judgment in this action (the "Oregon Class"), for violations of Oregon state wage and hour laws.

4.      These Department Managers, including Plaintiffs here, worked in various departments for Defendant, including but not limited to the bakery, deli, meat, produce, floral and grocery departments.

5.      While Defendant required Department Managers to work overtime hours, they did not pay them for all hours worked including but not limited to time spent working outside of Defendant's stores communicating with supervisors and co-workers about work matters.

6.      Accordingly, Defendant failed to record or compensate Plaintiffs and Department Managers for all of their hours worked in willful violation of the FLSA and Oregon state laws.

7.      Plaintiffs Burnett and Boren seek class-wide relief and damages on behalf of the Oregon Class.

## **THE PARTIES**

### *Plaintiffs*

8.      Plaintiff Boren is an adult individual over the age of 18 and a citizen and resident of Kent, Washington.

9.      Plaintiff Boren worked for Defendant as a non-exempt, hourly-paid Department Manager from approximately August 2019 to April 2022 at one of Defendant's stores in Oregon and from April 2022 to July 2022 at one of Defendant's stores in Washington.

10. Plaintiff Burnett is an adult individual over the age of 18 and a citizen and resident of Swisshome, Oregon.

11. Plaintiff Burnett worked for Defendant as a non-exempt, hourly-paid Department Manager, subject to certain breaks in employment, from approximately 2017 to January 2023 at one of Defendant's stores in Oregon.

12. Plaintiff Boren typically worked 50 or more hours per week (sometimes more than 60 hours per week).

13. Plaintiff Burnett typically worked 40 or more hours per week.

14. Plaintiff Boren was not paid for all time worked including, but not limited to overtime work including about 2 hours per week working outside of the store communicating with co-workers and supervisors about work matter.

15. Plaintiff Burnett was not paid for all time worked including, but not limited to overtime work including about thirty to forty-five minutes per week working outside of the store communicating with co-workers and supervisors about work matters.

16. At all times relevant, each Plaintiff was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e) and Oregon state laws.

17. Plaintiff Burnett's written consent to join form is being filed contemporaneously with this Complaint.

18. Plaintiff Boren has already filed a consent to join in a previously filed FLSA action in Washington, and so does not file one in this action.

*Defendant*

19.    Defendant Safeway, Inc. ("Safeway") is a Delaware corporation with its principal place of business in Pleasanton, California.

20.    Defendant operates supermarkets in Oregon.

21.    At all times relevant, Defendant was and still is a covered "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d) and Oregon state wage laws.

22.    Defendant employed Plaintiff and similarly situated employees within the meaning of the FLSA and Oregon state wage laws.

23.    Defendant has substantial control over Plaintiff's working conditions and the unlawful policies and practices alleged herein.

24.    Defendant directly or indirectly acted in the interest of an employer towards Plaintiff and other similarly situated employees at all material times, including without limitation directly or indirectly controlling the terms of employment of Plaintiff and other similarly situated employees.

## JURISDICTION AND VENUE

25.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 201, *et. seq.*, and 28 U.S.C. § 1332(d).

26.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

27.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)  because a substantial portion of the acts/omissions giving rise to this case occurred within this District.

- 4 -

28.     At all times material to this Complaint, the Defendant is an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

29.     Defendant's annual gross receipts for the three years preceding the filing of this lawsuit exceeded $500,000.00.

30.     There are more than 100 putative class members in the respective Oregon Class.

31.     Plaintiffs are each citizens of a different state than Defendant.

32.     There are members of the putative Oregon Class who are citizens of different states than the Defendant.

33.     The amount in controversy exceeds $5,000,000.

### The FLSA Collective

34.     The proposed FLSA Collective is defined as follows:

> All hourly Department Managers, who worked over 40 hours in any workweek, and work or worked in Defendant's stores throughout Oregon on or after three years prior to the filing of this complaint to the date of judgment of this action.

### The Oregon Class

35.     The proposed Oregon Class is defined as follows:

> All hourly Department Managers, who worked over 40 hours in any workweek, and work or worked in Defendant's stores in Oregon on or after six years prior to the filing of this complaint to the date of judgment of this action.

- 5 -

## FACTS COMMON TO ALL CLAIMS

***Plaintiffs' Off-the-Clock Work and Defendant's Off-The-Clock Violations***

36.     Plaintiffs, the FLSA Collective, and the Oregon Class worked as hourly Department Managers at Defendant's retail grocery stores.

37.     Throughout their employment, Department Managers who are members of the proposed FLSA Collective and Oregon Class performed work off-the-clock both inside and outside of Defendant's stores without compensation, which denied them compensation and overtime compensation.

38.     While outside of the Defendant's stores, Plaintiffs and similarly situated employees (including the FLSA Collective and Oregon Class) performed work off-the-clock communicating with co-workers and supervisors via telephone calls and text messages and/or chats about work-related matters including, but not limited to scheduling, staffing, operations, goods and supplies, and customers.

39.     Plaintiff Boren estimates that she worked on average 3 to 5 unpaid hours or more per workweek.  In weeks in which Plaintiff Boren worked more than 40 hours per week (which can be determined, in part, based upon Defendant's timekeeping records and schedules which show some of the time Plaintiff Boren worked in Defendant's stores), Plaintiff Boren estimates that she worked on average 3 to 5 or more unpaid overtime hours per workweek.

40.     Plaintiff Burnett estimates that he worked on average thirty to forty-five unpaid minutes or more per workweek.  In weeks in which Plaintiff Burnett worked more than 40 hours per week (which can be determined, in part, based upon Defendant's timekeeping records and schedules which show some of the time Plaintiff Burnett worked in Defendant's stores), Plaintiff

Burnett estimates that he worked on average thirty to forty-five or more unpaid overtime minutes per workweek.

41.    Defendant willfully required that Plaintiffs and similarly situated employees (who are members of the FLSA Collective and Oregon Class) work off-the-clock to control labor costs and expenses, and for Defendant's own convenience. Defendant has a *de facto* policy whereby it assigns work that cannot reasonably be accomplished in the hours allocated in the labor budget and discourages and/or penalizes Department Managers for recording overtime over a certain amount. This *de facto* practice causes Department Managers to work unreported (and therefore unpaid) overtime.

42.    Defendant did not and does not provide a method by which Plaintiffs and the FLSA Collective and Oregon Class could/can record and be paid for time suffered/permitted/required to be worked outside of the stores.

43.    Defendant is aware, and knew or should have known that Plaintiffs and the FLSA Collective and Oregon Class worked unpaid time outside of the stores.

44.    Defendant is aware that Plaintiffs and the FLSA Collective, Oregon Class worked off-the-clock non-overtime and overtime hours.

45.    Defendant also did not inquire into whether Plaintiffs and the FLSA Collective and Oregon Class worked unpaid time, despite having actual or constructive knowledge that Plaintiffs and the FLSA Collective and Oregon Class performed work outside of the store. Defendant's Store Managers and other high-ranking employees who are agents of Defendant communicated with Plaintiffs and the FLSA Collective and Oregon Class while they were outside of the stores and not on the clock being paid.

46.     Pursuant to Defendant's policies and procedures, Defendant failed to record all of the hours worked by Plaintiffs and the other similarly situated Department Managers, thereby resulting in the failure to pay overtime wages in violation of the FLSA and Oregon state laws.

47.     Defendant failed and continues to fail to pay Plaintiffs and the other similarly situated Department Managers (including the FLSA Collective and Oregon Class) all of their compensation and overtime compensation by failing to credit them for all of the hours they work over 40 in a workweek and suffering or permitting Plaintiffs and the FLSA Collective and Oregon Class to work off-the-clock hours, during which they performed their Department Managers' duties.

48.     Defendant maintains time records for their hourly Department Managers throughout the United States.  However, those time records fail to accurately reflect all of the hours worked by Plaintiffs and the similarly situated retail store employees, based upon Defendant's policies and procedures for requiring Plaintiffs and similarly situated hourly Department Managers to work off-the-clock and not crediting all time worked.

49.     Defendant also failed to maintain a timekeeping system to track time worked outside of their stores despite their employees regularly working outside of the stores.

50.     Defendant suffered and permitted Plaintiffs and the FLSA Collective and Oregon Class to work while off-the-clock but did not pay them for these unrecorded hours in willful violation of the FLSA and Oregon state laws.

51.     Defendant knew or should have known that Plaintiffs and the FLSA Collective and Oregon Class worked unpaid time because Defendant's managers and agents witnessed and permitted unpaid time worked by Plaintiffs and the FLSA Collective and Oregon Class inside and outside Defendant's stores.

52.    Defendant failed to keep accurate records of hours worked by Plaintiffs and members of the FLSA Collective and the Oregon Class.

53.    Defendant's failure to pay Plaintiffs and the FLSA Collective and Oregon Class for all hours worked was due to a corporate policy to limit labor expenditures, preserve corporate profits, and for the convenience of Defendant's operations.

## FLSA COLLECTIVE ACTION ALLEGATIONS

54.    Plaintiff Burnett brings the First Cause of Action, pursuant to FLSA, 29 U.S.C. § 216(b), on behalf of himself and the FLSA Collective.

55.    Defendant assigned and/or has been aware that Plaintiff Burnett and the FLSA Collective performed overtime work off-the-clock.

56.    As part of Defendant's regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff Burnett and the FLSA Collective.

57.    This policy and pattern or practice includes, but is not limited to:

   a.    willfully failing to pay Plaintiff Burnett and the members of the FLSA Collective overtime wages for all of the hours they worked for Defendant in excess of 40 hours per workweek; and

   b.    willfully failing to record all of the time that its employees, including Plaintiff Burnett and the FLSA Collective, have worked for Defendant.

58.    Defendant is aware or should have been aware that federal law requires it to pay Plaintiff Burnett and members of the FLSA Collective an overtime premium for all hours worked in excess of 40 per workweek.

59.    Plaintiff Burnett and the FLSA Collective all perform or performed the similar duties of Department Managers at Defendant's retail stores throughout the country.

60.    Plaintiff Burnett and the FLSA Collective all were compensated on an hourly basis.

61.    Plaintiff Burnett and the FLSA Collective all were subject to the same employment policies, procedures, and practices as centrally disseminated by Defendant.

62.    Despite knowing that Plaintiff Burnett and the FLSA Collective performed and continue to perform work outside of Defendant's stores, Defendant failed to inquire and failed to investigate whether Plaintiff Burnett and the FLSA Collective were paid for all time worked.

63.    Defendant also failed to maintain a timekeeping system (i.e., a telephone application or other timekeeping system) that Plaintiff Burnett and the FLSA Collective could use to record all time worked outside of Defendant's stores.

64.    Defendant's unlawful conduct has been widespread, repeated, and consistent.

## OREGON CLASS ACTION ALLEGATIONS

65.    Plaintiffs Burnett and Boren bring the Second and Third Causes of Action under Rule 23 of the Federal Rules of Civil Procedure.

66.    The putative Oregon Class is defined above.

67.    Excluded from the putative Oregon Class are Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the Judge(s) to whom this case is assigned and any member of the Judge's immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the putative Class.

68.    Putative Oregon Class Members identified above are so numerous that joinder of all members is impracticable.

69.    Although the precise number of such persons is not known to Plaintiffs, the facts

on which the calculation of that number can be based are presently within the sole control of Defendant.

70.    Upon information and belief, the size of the putative Oregon Class is at least 100 workers.

71.    Defendant acted or refused to act on grounds generally applicable to the putative Oregon Class, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the putative Class as a whole.

72.    The Second and Third Causes of Action are properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

73.    There are questions of law and fact common to the putative Oregon Class that predominate over any questions solely affecting individual members of the putative Oregon Class, including but not limited to:

    a.    whether Defendant failed to keep true and accurate time records for all hours worked by Plaintiffs and putative Oregon Class Members;

    b.    what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

    c.    whether Defendant failed and/or refused to pay Plaintiffs and putative Oregon Class Members for all hours and overtime hours worked in violation of the Oregon law; and

    d.    the nature and extent of the Class-wide injury and the appropriate measure of damages for the putative Oregon Class.

74.    Plaintiffs' claims are typical of the claims of the putative Oregon Class sought to be represented.  Plaintiff Boren's and putative Oregon Class Members work or have worked for Defendant and have been subjected to its policy and pattern or practice of failing to pay all wages

due, including overtime wages for all hours worked in excess of 40 hours per workweek, and failing to maintain and provide accurate wage statements.

75.     Defendant acted and/or refused to act on grounds generally applicable to Plaintiffs and putative Oregon Class Members, thereby making injunctive and/or declaratory relief with respect to the putative Oregon Class appropriate.

76.     Plaintiffs will fairly and adequately represent and protect the interests of the putative Oregon Class.

77.     Plaintiffs understand that, as a class representative, one assumes a fiduciary responsibility to the putative Oregon Class to represent its interests fairly and adequately.

78.     Plaintiffs recognize that as a class representative, one must represent and consider the interests of the putative Oregon Class just as one would represent and consider one's own interests.

79.     Plaintiffs understand that in decisions regarding the conduct of the litigation and its possible settlement, one must not favor one's own interests over those of the putative Oregon Class.

80.     Plaintiffs recognize that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the putative Oregon Class.

81.     Plaintiffs understand that in order to provide adequate representation, one must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in one's possession, and testify, if required, in a deposition and in trial.

82.     Plaintiffs have retained Morgan & Morgan, P.A. and Shavitz Law Group, P.A., which are law firms who are competent and experienced in complex class action employment litigation.

83.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

84.     The members of the putative Oregon Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures.

85.     Although the relative damages suffered by individual members of the putative Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.

86.     Class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

**<u>FIRST CAUSE OF ACTION</u>**
**FLSA– Unpaid Overtime Wages**
**(Brought on behalf of Plaintiff Burnett and the FLSA Collective)**

87.     Plaintiff Burnett incorporates by reference all preceding allegations.

88.     Defendant has engaged in a widespread pattern and practice of violating the FLSA, as described in this Complaint. *See supra.*

89.     Plaintiff Burnett consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

- 13 -

90.    At all relevant times, Plaintiff Burnett and other similarly situated current and former employees were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

91.    The overtime wage provisions set forth in 29 U.S.C. §§ 201 *et seq.* of the FLSA apply to Defendant.

92.    Defendant is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

93.    At all times relevant, Plaintiff Burnett and the FLSA Collective are/were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

94.    Defendant has failed to pay Plaintiff Burnett and other similarly situated current and former employees all of the overtime wages to which they were entitled under the FLSA.

95.    Defendant's violations of the FLSA, as described in this Complaint, have been willful and intentional.

96.    Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

97.    As a result of Defendant's willful violations of the FLSA, Plaintiff Burnett and all other similarly situated employees have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq.*

98.    As a result of the unlawful acts of Defendant, Plaintiff Burnett and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated

- 14 -

damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### Oregon Law – Failure to Pay Straight Time Wages
### (Brought on Behalf of Plaintiffs and the Oregon Class)

99.     Plaintiffs incorporate by reference the allegations in paragraphs 1-86 of the Complaint.

100.    At all times relevant, Plaintiffs and the Oregon Class were employees and Defendant was their employer within the meaning of the Oregon law. ORS § 653.010.

101.    Plaintiffs and the Oregon Class are covered by Oregon Minimum Wage Laws.  Ch. 653 ORS; ORS § 653.055.

102.    Defendant failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiffs and the Oregon Class.  ORS § 653.045.

103.    Defendant failed to pay Plaintiffs and the Oregon Class the non-overtime wages to which they are entitled under Oregon Law.  ORS § 653.055.

104.    Defendant has a policy and/or practice of refusing to pay non-overtime compensation for all hours worked to Plaintiffs and the Oregon Class.

105.    Defendant's failure to pay non-overtime compensation to Plaintiffs and the Oregon Class was willful, within the meaning of ORS § 652.150, and intentional.  Defendant failed to inquire into whether it paid Plaintiffs and the Oregon Class for all time worked.

106.    Defendant lacked a good faith basis to believe its failure to pay Plaintiffs and the Oregon Class the non-overtime wages complied with the Oregon law.

107.    Due to Defendant's violations of Oregon law, Plaintiffs and the Oregon Class are

entitled to recover from Defendant their unpaid wages, statutory and other damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest. ORS § 653.055.

### THIRD CAUSE OF ACTION
**Oregon Law – Failure to Pay Overtime Wages**
**(Brought on Behalf of Plaintiffs and the Oregon Class)**

108.    Plaintiffs incorporate by reference the allegations in paragraphs 1-86 of the Complaint.

109.    At all times relevant, Plaintiffs and the Oregon Class were employees and Defendant was their employer within the meaning of the Oregon law. ORS § 653.010.

110.    Plaintiffs and the Oregon Class are covered by Oregon Minimum Wage Laws. Ch. 653 ORS; ORS § 653.055.

111.    Defendant failed to keep, make, preserve, maintain and furnish accurate records of overtime worked by Plaintiffs and the Oregon Class. ORS § 653.045.

112.    Defendant failed to pay Plaintiffs and the Oregon Class the overtime wages to which they are entitled under Oregon Law. ORS § 653.055.

113.    Defendant has a policy and/or practice of refusing to pay overtime compensation for all overtime hours worked to Plaintiffs and the Oregon Class.

114.    Defendant's failure to pay overtime compensation to Plaintiffs and the Oregon Class was willful, within the meaning of ORS § 652.150, and intentional. Defendant failed to inquire into whether it paid Plaintiffs and the Oregon Class for all overtime worked.

115.    Defendant lacked a good faith basis to believe its failure to pay Plaintiffs and the Oregon Class the overtime wages complied with the Oregon law.

116.    Due to Defendant's violations of Oregon law, Plaintiffs and the Oregon Class are

entitled to recover from Defendant their unpaid overtime wages, statutory and other damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest. ORS § 653.055.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, seeks the following relief:

A.      That, at the earliest possible time, Plaintiff Burnett be allowed to give notice of this collective action, or that the Court issue such notice, to all members of the proposed FLSA Collective.  Such notice should inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit, among other things;

B.      Certification of the Oregon Class pursuant to Fed. R. Civ. P. 23;

C.      Appointment of Plaintiffs Burnett and Boren as Class Representatives and Plaintiff's counsel as class counsel with regard to of the Oregon Class;

D.      Unpaid overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

E.      Unpaid wages, overtime wages, penalties, exemplary damages, and statutory and other damages as provided for by Oregon laws for Plaintiffs Burnett and Boren and the respective Oregon Class;

F.      Pre-judgment interest and post-judgment interest as provided by law;

G.      Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendant from continuing its unlawful practices;

H.      Attorneys' fees and costs of the action; and

I.      Such other injunctive and equitable relief as this Court shall deem just and proper.

- 17 -

Dated: April 17, 2025.

Respectfully submitted,

*/s/ Jennifer Gould*
Jennifer Gould
**MORGAN AND MORGAN, P.A.**
1050 SW 6th Avenue
Suite 03A
Portland, OR 97204
(689) 219-2401
Jgould@forthepeople.com

C. Ryan Morgan*
Kim De Arcangelis*
**MORGAN AND MORGAN, P.A.**
20 N. Orange Ave., Suite 1600
Orlando, FL 32801
(407) 418-2069
rmorgan@forthepeople.com
KimD@forthepeople.com

Andrew R. Frisch*
Angeli Murthy*
**MORGAN AND MORGAN, P.A.**
8151 Peters Rd., Suite 4000
Plantation, FL 33324
(954) 318-0268
afrisch@forthepeople.com
amurthy@forthepeople.com

Gregg I. Shavitz*
Marilyn Linares*
**SHAVITZ LAW GROUP, P.A.**
622 Banyan Train, Suite 200
Boca Raton, Florida 33431
(561) 447-8888
gshavitz@shavitzlaw.com
mlinares@shavitzlaw.com

Michael Palitz*
**SHAVITZ LAW GROUP, P.A.**
477 Madison Avenue, 6th Floor

New York, New York 10022
(800) 616-4000
mpalitz@shavitzlaw.com

***Attorneys for Plaintiff and the proposed
FLSA Collective and Class***

*to apply for admission *pro hac vice*